## Second Department, June, 1948.

### (June 1, 1948.)

Rosa De Giuseppe, as Administratrix of the Estate of Giovanni De Giuseppe, Deceased, Appellant, v. City of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 273 App. Div. 1010.]

In the Matter of the Application of Joseph W. Di Silvestro for Admission to Practice as an Attorney. (From the State of Georgia.)— Motion for further reargument and consideration of application for admission to the Bar, and for other relief, denied. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

Harry Martin, Respondent, v. Joseph Curran et al., Individually and Constituting the Editorial Board of National Maritime Union of America, et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of this court granting the motion to dismiss the complaint as against the officers of the National Maritime Union in their representative capacities and granting the motion to strike out paragraphs 13 and 15 of the complaint as against the other defendants, properly made? Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 273 App. Div. 980.]

Julia D. Smith, Appellant, v. Roy A. Smith, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See 273 App. Div. 984.]

Josephine Costa, Appellant, v. Mitchell Jelline, Individually and as Trustee, et al., Defendants, and Vincent Costa, Individually and as Administrator of the Estate of Philip A. Costa, Deceased, et al., Respondents.— In an action to set aside a separation agreement and a trust agreement on the ground that the same were induced by false representations, order denying appellant's motion to dismiss the first and second affirmative defenses contained in respondents' answer, pursuant to rules 103, 104 and 109 of the Rules of Civil Practice reversed on the law, with $10 costs and disbursements, and the motion granted, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, without costs. In our opinion the defenses, as pleaded, are insufficient, in that they fail to allege knowledge on the part of the plaintiff sufficient to sustain a defense of ratification, estoppel or laches. Moreover, plaintiff, if otherwise entitled thereto, will not be denied equitable relief because she may be unable to restore respondents to the position formerly occupied by their intestate predecessor. The change in position which respondents assert by way of defense results from intestate's own acts following the making of the agreements, and not necessarily contemplated thereby. It is not alleged that such change of position has resulted from any action on the part of plaintiff subsequent to the making of the agreements in question. (See Butler v. Prentiss, 158 N. Y. 49; Hammond v. Pennock, 61 N. Y. 145.) Respondents may, if so advised, plead over within ten days after service of a copy of the order to be entered hereon and upon payment of $10 costs. Lewis, P. J., Carswell, Nolan, Sneed and Wenzel, JJ., concur.

Armand Dreyfus, Respondent, v. Clarence V. Dandignac, Inc., Appellant.— Action to recover damages for breach of contract. Order reversed on the law and facts, without costs, and the motion granted to the extent of opening defendant's default and permitting it to appear and answer the complaint within ten days from the entry of the order hereon. The judgment, however, is to stand as security. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.